# Steinguest, Appellant, *v.* White.

*Negligence—Master and servant—Elevators—Contributory negligence—Judgment for defendant n. o. v.*

1. In an action to recover damages for the death of the plaintiff's husband resulting from the alleged negligence of defendant contractors in failing to provide a proper elevator and cable, it appeared that deceased was a foreman in charge of bricklayers and other laborers engaged in the construction of a building; that an open elevator supported by a cable was used for hoisting material; that a loaded wheelbarrow had been lifted thereon to the third floor, which deceased attempted to take from the elevator, but on finding that the elevator was a little below the proper point, directed the engineer to raise the elevator platform a few inches; that while deceased was standing with one foot on the floor of the building and one foot on the elevator, the elevator suddenly fell, causing his death. It appeared that the cause of the fall was the improper clamping of the cable at the top of the elevator; which was due to the neglect of deceased after a warning; that although

it was customary to throw a ratchet upon a drum to hold the elevator in a fixed position when it was at the floor for service, this had not been done; that the workmen were instructed not to ride on the elevator and were warned not to do so by a danger signal; and that it was not necessary for deceased to have placed his foot upon the elevator. The jury found a verdict for the plaintiff, but the court subsequently entered judgment for defendant n. o. v., on the ground that deceased was guilty of contributory negligence. *Held,* no error.

Argued March 27, 1914. Appeal, No. 392, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., June T., 1910, No. 3517, for defendant non obstante veredicto in case of Amelia Steinguest v. Charles C. White and Christian E. White, individually and as co-partners, trading as Charles White Brothers. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before KINSEY, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff. The court granted defendant's motion for judgment n. o. v. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellant.—The question of plaintiff's contributory negligence was for the jury: West Chester & P. R. Co. v. McElwee, 67 Pa. 311; Rusterholtz v. R. R., 191 Pa. 390; Stine v. Smith Co., 219 Pa. 145; Catawissa R. R. Co. v. Armstrong, 52 Pa. 282; Hackett v. Middlesex Mfg. Co., 101 Mass. 101; Penna. R. Co. v. Zink, 126 Pa. 288; Ralston v. Baldwin Locomotive Works, 240 Pa. 14.

*William A. Gray,* for appellees.—There was no evidence to show that defendants were negligent in failing to furnish a proper and safe elevator and cable and fas-

tenings: Baker v. Allegheny Railroad, 95 Pa. 211; Simpson v. Pittsburgh Locomotive Works, 139 Pa. 245; Ford v. Anderson, 139 Pa. 261; Tunney v. Carnegie Bros. & Co., 146 Pa. 618; Mixter v. Imperial Coal Co., 152 Pa. 395; McClain v. Henderson, 187 Pa. 283; Alexander v. Pennsylvania Water Co., 201 Pa. 252; Clark v. Garrison Foundry Co., 219 Pa. 426; Montgomery v. Rowe, 239 Pa. 321; Payne v. Reese, 100 Pa. 301.

The deceased was clearly guilty of contributory negligence: Auburn v. Tube Works Co., 14 Pa. Superior Ct. 568; Cisney v. Pa. Sewer Pipe Co., 199 Pa. 519; Wise v. Philadelphia, 239 Pa. 392; Stine v. Smith Co., 219 Pa. 145.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:

The plaintiff brought this action in trespass to recover damages for the death of her husband, resulting as alleged, from the negligence of the defendants, his employers. On August 2, 1909, the date of the accident, Steinguest was employed by the defendants as foreman in charge of a gang of bricklayers and laborers. They were engaged in erecting the brick work of a building at the corner of Thirty-fourth and Chestnut streets in the City of Philadelphia. To hoist material an open elevator was employed. It was supported by a cable, which passed through an eye-bolt, and was then turned back upon itself, and clamped in place by means of two iron plates secured by bolts. At the time of the accident Steinguest, as foreman was helping to get the materials ready for the bricklayers. A loaded wheelbarrow had been hoisted to the third floor, and Steinguest attempted to take it off the elevator, but found that it was a little below the proper point. He called to the engineer, "up a little," and the engineer raised the elevator platform a few inches when the cable slipped from between the clamps, and the elevator dropped, carrying Steinguest with it. He had been standing with one foot on the floor of the building, and one foot on the platform of the

elevator. It was alleged that the cable slipped because the clamps were improperly fastened. Upon the trial in the court below, the jury returned a verdict in favor of plaintiff, which the court afterwards set aside, and entered judgment for the defendants non obstante veredicto, upon the ground that the deceased was guilty of contributory negligence in standing with one foot on the floor and the other on the elevator, and while in that position, directing the engineer to move the elevator. It appears from the testimony of the engineer that whenever the elevator is at a floor, for service, it is customary to throw in a dog, or ratchet upon the drum, to hold the elevator in a fixed position. This had not been done at the time of the accident for the elevator was not yet quite at the right place. The testimony also shows that it was not necessary for Steinguest to have placed his foot upon the elevator at all. He could have taken the wheelbarrow off, by taking hold of the handles, keeping his feet upon the floor of the building. That it was regarded as dangerous to be on the elevator, clearly appears from the testimony. The workmen were instructed never to ride upon the elevator. Steinguest was instructed not to permit any one to do so, and he did tell others to keep off. A danger signal was also put up, which read, "Danger, keep off."

There is other testimony which points with even greater directness to the contributory negligence of Steinguest. It was shown that he was the foreman of the job, and as such assisted in putting up the elevator. Occupying this position of authority and responsibility he more than any one else was bound, for the protection of himself and his fellow workmen, to see that the cable was properly clamped fast to the top of the elevator. The fastening of the clamps was merely a matter of properly screwing up the nuts upon the bolts passing through two small iron plates, which pressed tightly upon the cable. Whether or not they were properly tightened at first, it is well known that nuts have a tend-

ency to become loosened, or unscrewed, and must be tightened at proper intervals. Clearly the foreman in charge had the responsibility of doing this, or of seeing that it was done. The evidence shows that in this case, Steinguest was not without knowledge of the condition of the cable. There was testimony that at least he had warning which should have put him upon his guard. Two witnesses, Taylor and Young, testify without contradiction, that on the Saturday before the accident, which happened early Monday morning, they noticed the end of the cable did not seem to be tight, but seemed to be slipping; it did not seem to them to be right; it seemed to be loose, and they each spoke to Steinguest about it; but he answered them, "That is all right, go ahead." Had this direct warning been heeded by Steinguest, and had he been less self sufficient, the accident would in all probability have been avoided. His lack of prudence in this respect, brought a most regrettable penalty upon himself.

Our examination of all the testimony has satisfied us that in entering judgment for the defendants non obstante veredicto, the court below properly discharged a plain duty.

The assignment of error is overruled, and the judgment is affirmed.